THE PEOPLE OF PUERTO RICO, Petitioner, *v.* DISTRICT COURT OF PONCE, Respondent.

No. 1561. Argued March 6, 1944.—Decided March 31, 1944.

*R. A. Gómez, Prosecuting Attorney (Fiscal)*, and *Luis Negrón Fernández, Assistant Prosecuting Attorney*, for petitioner. *Agustín E. Font*, for intervener, defendant in the criminal proceeding.

MR. JUSTICE SNYDER delivered the opinion of the court.

An information was filed in the district court accusing Juan Santiago Rodríguez of murder in the first degree. Thereafter, his counsel, alleging that Santiago was insane and therefore could not be tried at that time (§439, Code of Criminal Procedure, 1935 ed.), moved that the question as to his sanity be submitted to three experts designated by the court (§440). This motion was granted and a proceeding on the question was held at which the three experts who had been appointed by the court testified. At the close of the hearing, the district court issued an order directing that the defendant be detained in the Insular Insane Asylum until he recovered his reason, at which time he would be surrendered to the warden of the district jail for further proceedings in accordance with law.

We issued a writ of certiorari to determine if the district court committed an error of procedure or jurisdiction in entering the said order.

All the experts stated a number of times that they were unanimously of the opinion that the defendant was not insane. However, one of them, speaking for all of them, did make the following comment:

"Although I believe this man to be sane, I would not risk having this man roaming through the streets. In view of the life history of his parents, this man may commit another crime if a crisis arises. We have examined him at this time, and we cannot find any trace of insanity. Nor do we have any basis to say that he is insane.

Rather we believe that he is sane; but judging from my past experience, I would not dare to set this man free.''

One of the experts also stated to the court:

"'I make bold to suggest to the Honorable Judge and to this Court that this man be sent to the Insane Asylum in order that a study be made of his mental condition and a diagnosis obtained as to whether he is or not insane.''

We recognize the difficult situation in which the court was placed by this testimony. But §§440–2 of the Code of Criminal Procedure explicitly provide that the question of sanity "is determined by . . . decision" of the experts. The district court has no authority to determine whether the defendant is sane or insane. The verdict is exclusively within the province of the experts (*Iturrino* v. *District Court*, 50 P.R.R. 892; *People* v. *Nazario*, 53 P.R.R. 226). Once the experts decide the question of sanity, §442 is controlling. That Section reads as follows:

"If the experts find the defendant sane, the trial must proceed, or judgment be pronounced, as the case may be. If the experts find the defendant insane, the trial or judgment must be suspended until he becomes sane, and the court must order that he be in the meantime committed to an insane asylum, and that upon his becoming sane he be delivered to the warden of the jail.''

The difficulty with the order herein is that the district court ordered the defendant committed to an insane asylum until the defendant recovered the use of his reason, in the absence of a verdict by the experts that the defendant was presently insane. While portions of the quoted statements of the experts reflect a feeling of uncertainty on the part of the experts, their verdict, if there was any verdict at all, was that the defendant was sane. The lower court consequently was without authority to take action under §442 under those circumstances. It is clear that the Code leaves no room for independent judgment on the matter by the district court; it is bound by the verdict of the experts on this

question. The district court might have resolved its dilemma by finding that the statements of the experts did not constitute a clear-cut verdict, discharging them until they or another group of experts had sufficient data on which to base a verdict. The district court may hereafter, if it sees fit, enter a new order designed to accomplish that purpose. But in the absence of a specific verdict of insanity by the experts, there was no basis under §442 for the order of the district court committing the defendant to an insane asylum.

The order of the district court will be vacated and the case will be remanded to the district court for further proceedings not inconsistent with this opinion.